John A. Vogt (State Bar No. 198677)
javogt@jonesday.com
Edward S. Chang (State Bar No. 241682)
JONES DAY
3161 Michelson Drive
Suite 800
Irvine, CA 92612.4408
Telephone: +1.949.851.3939
Facsimile: +1.949.553.7539

Michael A. Carvin (*Pro Hac Vice*)
macarvin@JonesDay.com
James M. Burnham (*Pro Hac Vice*)
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001.2113
Telephone: +1.202.879.3939
Facsimile: +1.202.626.1700

Michael E. Rosman (*Pro Hac Vice*)
rosman@cir-usa.org
Center for Individual Rights
1233 20th St. NW, Suite 300
Washington, DC 20036
Telephone: +1.202.833.8400

*ATTORNEYS FOR PLAINTIFFS*

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION**

| | |
|---|---|
| REBECCA FRIEDRICHS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CALIFORNIA TEACHERS ASSOCIATION, et al., <br><br> Defendants. | Case No. 8:13-cv-00676-JST-CW <br><br> **PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS OR, IN THE ALTERNATIVE, SUMMARY JUDGMENT** <br><br> Judge: Hon. Josephine Staton Tucker <br> Hearing Date: August 30, 2013 <br> Time: 2:30 p.m. <br> Courtroom: 10A <br> Trial Date: None Set |

1    In their Memorandum in Support of their Motion for a Preliminary Injunction, Plaintiffs explained why the union-shop arrangement and mandatory opt-out regime maintained by Defendants "violate Plaintiffs' First Amendment rights and irreparably injure Plaintiffs on an ongoing basis." PI Memo., Dkt. No. 71, at 1. But, as Plaintiffs acknowledged in that Memorandum and further explained in their Memorandum in Support of their Motion for Judgment on the Pleadings, "Plaintiffs' claims are presently foreclosed by *Abood v. Detroit Bd. of Ed.*, 431 U.S. 209, 97 S. Ct. 1782, 52 L. Ed. 2d 261 (1977), and *Mitchell v. L.A. Unified Sch. Dist.*, 963 F.2d 258 (9th Cir. 1992)," and so this Court should "promptly enter judgment on the pleadings for Defendants, enabling Plaintiffs to take their legal argument to the appellate courts with the authority to vindicate it." MJP Memo., Dkt. No. 81, at 1, 8; *see also* PI Memo. at 1 ("Plaintiffs acknowledge . . . that binding precedent forecloses this Court from granting such relief at this time.").

Defendants agree with Plaintiffs as to the proper disposition of this proceeding in this Court at this time: "the Unions acknowledge that the Court has the power to enter judgment on the pleadings in their favor without their having so requested, and the Unions do not oppose the entry of such a judgment." Defendants' Opp., Dkt. No. 90, at 4 (citations omitted); *see also* Amended Answer, Dkt. No. 89, at ¶ 85 ("[C]ontrolling precedent[] *require[s]* denial of the relief Plaintiffs seek.").

In light of that agreement, Plaintiffs respectfully submit that there is nothing left for this Court to do but enter judgment on the pleadings. No factual disputes exist for this Court to adjudicate, and all parties agree on the appropriate outcome here. Further, granting judgment for Defendants will eliminate the need for this Court to rule on Plaintiffs' pending Motion for a Preliminary Injunction. Plaintiffs therefore respectfully request that the Court enter judgment as soon as is practicable, so that they can pursue their claims before the appellate courts with the authority to grant them relief.

Further, given the parties' agreement on the appropriate outcome in this Court, and in recognition of this Court's finite resources, Plaintiffs respectfully submit that the Court should rule on the papers and dispense with the hearing currently scheduled for August 30, 2013 at 2:30pm.  Plaintiffs stand ready and willing to appear before the Court in support of their Motion, but do not wish to burden the Court with a hearing on a matter where both sides agree on the correct outcome in this Court.  Plaintiffs request only that the Court enter judgment as expeditiously as possible so that Plaintiffs may quickly proceed in seeking abatement of the ongoing irreparable harm they suffer.

## CONCLUSION

Plaintiffs respectfully request that the Court enter judgment on the pleadings as soon as is practicable.

Dated:  August 13, 2013

Jones Day

By:   */s/ John A. Vogt*
          John A. Vogt

Michael A. Carvin (*Pro Hac Vice*)
James M. Burnham (*Pro Hac Vice*)
JONES DAY
51 Louisiana Avenue
Washington, DC 20001-2113

Michael E. Rosman (*Pro Hac Vice*)
Center for Individual Rights
1233 20th St. NW, Suite 300
Washington DC 20036

ATTORNEYS FOR PLAINTIFFS